# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN F. ZASTROW,

                Petitioner,

v.

                Case No. 22-CV-820-JPS

CHERYL EPLETT,

                **ORDER**

                Respondent.

On July 19, 2022, Petitioner Steven F. Zastrow ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, along with a motion to proceed without prepayment of the filing fee, ECF No. 3, and a motion to appoint counsel, ECF No. 5. On November 10, 2022, Petitioner filed a motion to screen the petition, ECF No. 9, and subsequently filed a motion to order further proceedings/screening of the petition, ECF No. 10. The Court will address Petitioner's motion for leave to proceed without prepayment of the filing fee and other pending motions, as well as screen the petition.

1.     **LEAVE TO PROCEED WITHOUT PREPAYMENT**

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file a petition for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the Court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Petitioner submitted a trust fund account statement along with his motion. ECF No. 4.

Upon review of Petitioner's prison trust account statement, the Court finds that he is unable to pay the $5.00 filing fee based on his lack of funds. The Court will accordingly grant the motion to proceed without prepayment of the filing fee.

2.  **FACTUAL BACKGROUND**

The petition provides that the judgment of conviction that Petitioner challenges is an original action in the Wisconsin Supreme Court, 2022 AP 000279. ECF No. 1 at 2. Petitioner states "not applicable" in response to the question of what crimes he was convicted of and sentenced to in this case. *Id.*

Based on publicly available information, Petitioner has an extensive criminal history, and for that reason, it is entirely unclear which judgment of conviction he attempts to challenge in this case. *See generally* Wisconsin Circuit Court Access Case Search Results, *available at* https://wcca.wicourts.gov/caseSearchResults.html (last visited Jan. 20, 2023). The Wisconsin Supreme Court case that Petitioner lists provides no guidance either. Publicly available information shows that his appeal involved the following four cases: 2002CF001013, 2005CF000158, 2005CF000284, and 2005CF000285.[1]

3.  **ANALYSIS**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it

---

[1] *See Steven F. Zastrow v. Cheryl Eplett*, No. 2022AP000279–W, *available at* https://wscca.wicourts.gov/caseDetails.do?caseNo=2022AP000279&cacheId=B0C76AED1772D51435F5735DECE348&recordCount=35&offset=2 (last visited Jan. 20, 2023).

plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

Here, the petition does not explain what judgment of conviction he challenges. Without this information, the Court cannot find that Petitioner has stated any viable claims for relief, as Section 2254(a) only permits a prisoner to challenge "the judgment of a State court[.]" Further, the petition is also unclear about whether any such judgment was appealed through the Wisconsin Court of Appeals and Supreme Court. If Petitioner failed to exhaust these avenues for appeal, the Court could likewise not hear his case. *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). As his petition is presently drafted, Petitioner has alleged no grounds for relief that the Court can review. Accordingly, the Court will give him **thirty (30) days** to amend his petition to state the grounds on which he seeks review.

4.     **APPOINTMENT OF COUNSEL**

Petitioner requests that the court appoint counsel in this case. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before the court appoints counsel, however, it must determine whether the appointment would serve "the interests of justice" and whether the petitioner is "financially eligible." *See* 18 U.S.C. § 3006A(a)(2).

Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). The Court is not convinced that appointment of counsel would serve the interests of justice in this case. In determining whether the interests of justice will be served by appointing counsel, the Court considers the difficulty of the case and Petitioner's ability. It is significant that in most habeas cases the issues raised in federal court have been raised and fully considered in state court. *See* 28 U.S.C. § 2254(b)(1)(A). This means that typically, assuming he was represented by counsel in state court proceedings, a petitioner will have the benefit of his previous attorney's briefing on the very same issues he seeks to raise in federal court.

The Court concludes that the appointment of counsel at this time is unwarranted and will accordingly deny Petitioner's motion without prejudice. If Petitioner presents an amended petition identifying the judgment of conviction he seeks to challenge, the Court will consider a renewed request for counsel at that time.

## 5. CONCLUSION

As his petition is presently drafted, Petitioner has alleged no grounds for relief that the Court can review. Accordingly, the Court will give him **thirty (30) days** to amend his petition to state the grounds on which he seeks review. Failure to comply with this Order will result in dismissal of his action for failure to prosecute. See Civ. L.R. 41(c). The Clerk of Court shall send Petitioner a copy of the form petition for habeas corpus § 2254 relief.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to proceed without prepayment of the filing fee, ECF No. 3, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for the appointment of counsel, ECF No. 5, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Petitioner's motions for screening of the petition, ECF Nos. 9, 10, be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that on or before **February 22, 2023**, Petitioner shall file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, using the form provided to him with this Order. Failure to do so will result in dismissal of his action for failure to prosecute. See Civ. L.R. 41(c).

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2023.

BY THE COURT

_____
J.P. Stadtmueller
U.S. District Judge

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.